**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LEVI MCRAE LUGINBYHL,<br><br>Plaintiff,<br><br>v.<br><br>RED ROCK CORRECTIONS CENTER et al.,<br><br>Defendants. | ) | Case No. CIV-26-01328-JD |

# ORDER

Before the Court is the Report and Recommendation ("R. & R.") of United States Magistrate Judge Suzanne Mitchell. [Doc. No. 8]. For the reasons outlined below, the Court accepts the R. & R.

Plaintiff, a state prisoner appearing pro se, filed a complaint seeking relief under 42 U.S.C. § 1983. [Doc. No. 1]. The Court referred the case to Judge Mitchell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 4].

Plaintiff filed an Application for Leave to Proceed In Forma Pauperis. [Doc. No. 5]. The R. & R. recommends that the Court deny Plaintiff's application to proceed in forma pauperis because Plaintiff "has incurred at least three strikes under the Prison Litigation Reform Act (PLRA) and does not qualify for an exception." [Doc. No. 8 at 2 (citing U.S.C. § 1915(g))].

Judge Mitchell advised Plaintiff of his right to object to the R. & R. by filing an objection with the Clerk of Court by August 6, 2026, and explained that failure to timely object to the R. & R. waives appellate review of the recommended ruling. [*Id.* at 6–7].

*See* 28 U.S.C. § 636; Fed. R. Civ. P. 72. Plaintiff did not file an objection to the R. & R. or request an extension of time to do so.[1]

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, a party waives the right to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.").

With no objection being filed, and upon review of the record, the Court accepts the R. & R. in its entirety and denies Plaintiff's application to proceed in forma pauperis.

---

[1] Plaintiff did not file an objection but did file a Motion to Proceed under 28 U.S.C. § 1916 ("Motion"). [*See* Doc. No. 9]. Plaintiff does not appear to mention the R. & R. in his Motion; thus, the Court does not construe the Motion as an objection. Even if the Motion did constitute an objection, Plaintiff's filing is not proper under the local rules to the extent it is a combined document (*i.e.*, a motion and objections to the R. & R.). Under the Local Civil Rules, Plaintiff cannot combine a motion with another document. *See* LCvR7.1(c) (explaining that a motion shall be a separate document). Alternatively, to the extent necessary, the Court has considered his discussion on the imminent-danger exception and under the legal standards properly set out in the R. & R., [*see* Doc. No. 8 at 5–6], Plaintiff does not meet the legal requirements for an exception to the three-strikes rule because Plaintiff has not shown "a nexus between the imminent danger" alleged "and the legal claims asserted." *Lomax v. Ortiz-Marquez*, 754 F. App'x 756, 759 (10th Cir. 2018) (unpublished) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009)). [*See* Doc. No. 9 at 5–6].

Alternatively, although the Court is not required to review the record and law de novo because Plaintiff has not timely objected, the Court has done so and determines it should adopt the R. & R. in full.

The Court therefore ACCEPTS the Report and Recommendation [Doc. No. 8] and DENIES Plaintiff's Application for Leave to Proceed In Forma Pauperis. [Doc. No. 5]. The Court will dismiss this action without prejudice to refiling if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of the Court by September 3, 2026. *See* LCvR3.3(e).

IT IS SO ORDERED this 13th day of August 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE